IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-00507-REB-BNB

THE PHOENIX INSURANCE COMPANY,
THE TRAVELERS INDEMNITY COMPANY, and
THE TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

Plaintiffs,

v.

CANTEX, INC.,
CONCRETE MANAGEMENT CORP.,
LANDMARK AMERICAN INSURANCE COMPANY,
OLD REPUBLIC INSURANCE COMPANY, and
RBR CONSTRUCTION, INC.,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
AND ORDER**
_____

This matter arises on **Plaintiffs' Motion to Amend the Scheduling Order to Extend
Deadlines for Discovery Cutoff and the Filing of Dispositive Motions and for Expedited
Briefing on This Motion** [Doc. # 68, filed 11/14/2013] (the "Motion to Extend"), which is

DENIED. In addition, I respectfully RECOMMEND that the action be administratively closed

pursuant to D.C.COLO.LCivR 41.2.

This is a declaratory judgment action brought by insurance companies requesting a

declaration concerning their duty to defend and indemnify Concrete Management Corp.

("CMC") and RBR Construction, Inc. ("RBR"), in connection with an underlying construction

defect case pending in Mohave County, Arizona. The underlying action was commenced on

January 18, 2011, and proceeded to trial on September 23, 2013. Part of the case was tried to a

jury and part to the court.  The jury "rendered its verdict, apparently finding CMC 85% at fault and RBR 15% at fault."  Motion to Extend [Doc. # 68] at ¶12.  The judge has not yet ruled on those matters presented for determination by the court, and I am informed that a transcript of the underlying action will not be available until mid-January 2014.  Id. at ¶13.

Meanwhile, this action was commenced on February 27, 2013.  Service of process was not completed until the end of May 2013, and a scheduling conference was held in mid-June 2013.  The district judge set the case for trial commencing April 7, 2014.

The parties have resisted the prompt determination of the case.  First, the plaintiffs did not promptly perfect service of process.  Then, defendant Landmark sought to stay the action, Motion [Doc. # 45]; which request was joined by RBR [Doc. # 49] and Cantex [Doc. # 57]; was not opposed by Amerisure and Continental Insurance, and the plaintiffs took no position [Doc. # 45].  The plaintiffs now seek to extend the discovery cut-off and dispositive motion deadline to February 28, 2014, which are unreasonable in view of the April 7 trial date.[1]  Finally, the plaintiffs have filed a motion to continue the trial date [Doc. # 62], which is pending before the district judge.

It is apparent that the plaintiffs acted imprudently in rushing to this court, a forum distant from the underlying action, to seek a declaration about their duties to defend and indemnify.  Having filed an early suit, neither they nor the defendants they brought into the action, are in any position to prepare for trial within the normal time allowed by the district judge.  Burdening the court with repeated requests for stays, extensions, and continuances is no way to conduct pretrial

---

[1]Applying the briefing schedule provided in D.C.COLO.LCivR 56.1A, responses to motions for summary judgment filed on February 28 would not be due until March 21, and replies would not be due until April 4, leaving the district judge no time to rule.

proceedings.

IT IS ORDERED that the Motion to Extend [Doc. # 68] is DENIED.

In addition, I respectfully RECOMMEND that the action be administratively closed

pursuant to D.C.COLO.LCivR 41.2, subject to reopening for good cause when, if ever, the

parties are in a position to prepare the case for trial.[2]

Dated November 19, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

[2]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.   A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).