**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 13-cv-00507-REB-BNB

THE PHOENIX INSURANCE COMPANY, ET AL.,

    Plaintiffs,

v.

CANTEX, INC., ET AL.,

    Defendants.

## ORDER GRANTING PLAINTIFFS MOTION TO RE-OPEN CASE

**Blackburn, J.**

The matters before me are (1) **Plaintiffs** [*sic*] **Motion To Re-Open Case** [#78],[1] filed January 31, 2014; and (2) **Landmark's Motion to Join Travelers' Motion To Re-Open Case** [#90], filed March 6, 2014.  I grant the motions.

### I. JURISDICTION

This court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 (diversity of citizenship).

### II. STANDARD OF REVIEW

A case that is administratively closed under D.C.COLO.LCivR 41.2 may be reopened for good cause shown.  Generally, there is good cause to reopen when parties seek to litigate remaining issues that are ripe for review.  ***American Family***

---

[1] "[#78]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

*Mutual Insurance Co. v. Teamcorp, Inc.*, 835 F.Supp.2d 1083, 1086 (D. Colo. 2011). Nevertheless, courts may exercise discretion by denying a motion to reopen where the relief sought would be futile. *Id.*

### III. ANALYSIS

This is an action for declaratory judgment and other relief arising from a lawsuit brought by defendant, Cantex, Inc. ("Cantex"), against defendant, RBR Construction ("RBR"), seeking the cost to replace allegedly defective concrete installed at Cantex's Kingman, Arizona, manufacturing facility.[2] RBR claimed that it was entitled to a defense as an additional insured under various policies of insurance issued by plaintiffs to defendant, Concrete Management Company ("CMC"). Plaintiffs defended RBR in the underlying action under a reservation of rights. By this action, plaintiffs seek a declaration that they had no duty to defend or indemnify either CMC or RBR in the underlying action.

At the time this suit was filed in February 2013, however, the underlying action was still ongoing. Ultimately, a trial was held in September 2013, resulting in a jury determination that CMC was liable for eighty-five per cent (85%) of any damages assessed against RBR. However, the question whether RBR was liable to Cantex was tried to the court, which did not simultaneously render its determination on that issue. While that determination was pending, plaintiffs moved to extend various pretrial deadlines in this case. (*See* **Plaintiffs' Motion to Amend the Scheduling Order to Extend Deadlines for Discovery Cutoff and the Filing of Dispositive Motions and**

---

[2] RBR was the general contractor on the project, and CMC was the concrete subcontractor.

**for Expedited Briefing on This Motion** [# 68], filed November 14, 2013.)  Concluding that "plaintiffs acted imprudently in rushing to this court" and that "neither they nor the defendants they brought into the action are in any position to prepare for trial within the normal time allowed by the district judge," the magistrate judge recommended that the case be administratively closed, "subject to reopening for good cause when, if ever, the parties are in a position to prepare the case for trial."  (**Recommendation of United States Magistrate Judge and Order** at 2-3 [#71], filed November 19, 2013.)  I adopted that recommendation and ordered this matter closed administratively.  (*See* **Order Adopting Recommendation of United States Magistrate Judge and Administratively Closing Case** [#77], filed December 11, 2013.)

      Shortly thereafter, the judge in the underlying action issued his determination that RBR was liable to Cantex for nearly $3.7 million in damages.  The transcript of the trial was received by plaintiffs in mid-January 2014.  This motion followed.
Herein, plaintiffs claim it is appropriate to reopen this matter because the underlying action has been fully resolved, making their claims ripe for determination.  Cantex, however, objects that reopening would be futile and therefore urges that the motion be denied.

      Cantex's primary argument in support of its position is that, by virtue of various agreements among the defendants following the entry of judgment, it will seek to file third-party claims against additional parties not currently joined herein,[3] which allegedly

---

[3] Following resolution of the claims in the underlying action, Cantex, CMC, RBR, and RBR's insurer, Old Republic Insurance Company ("ORIC"), entered into a Settlement Agreement, pursuant to which RBR and CMC assigned to Cantex all relevant insurance coverage claims against their insurers. Cantex represents that, if the case is reopened, it would seek to file claims against RBR's insurers,

would destroy diversity jurisdiction.[4]   At this juncture, however, the filing of such claims is purely hypothetical.  Whether the inclusion of these parties would destroy diversity – and what that might mean for the continuing viability of this case[5] – are issues that must await proper motion *after* the case is reopened.[6]

Nor is a response brief the appropriate vehicle for determining whether the suit Cantex recently filed in Arizona state court seeking to collect its judgment in the underlying action is the proper or superior forum for determining the rights of all interested parties.  Although these arguments may well implicate issues of comity and abstention, Cantex has presented little more than its own *ipse dixit* to suggest that the state court action should take precedence over this one.  Questions regarding whether one of these lawsuits must yield to the other cannot be forestalled prior to reopening of the case.

For these reasons, I find and conclude that good cause exists to reopen this case.  Accordingly, plaintiffs' motion will be granted.

---

Scottsdale Insurance Company ("Scottsdale") and Princeton Excess and Surplus Lines Insurance Company ("PESLIC"), who, like Cantex, are Delaware citizens.

[4]  Although Cantex invokes the language of Rule 19 in this instance, the court is not convinced that the rule is properly employed in this circumstance.  Moreover, Cantex neither cites or addresses the relevant standards of Rule 19.  *See Center for Biological Diversity v. Pizarchik*, 858 F.Supp.2d 1221, 1223-24 (D. Colo. 2012).  Nor could it by way of its response to plaintiffs' motion to reopen.  *See* **D.C.COLO.LCivR** 7.1(d) ("A motion shall not be included in a response or reply to the original motion.  A motion shall be made in a separate document.").

[5]  Plaintiffs' reply brief anticipates the court's likely response to the addition of third-party claims against these additional insurers.  *See Price v. Wolford*, 608 F.3d 698, 702 (10th Cir. 2010) ("Ordinarily, 'the jurisdiction of the Court depends upon the state of things at the time of the action brought, and . . . after vesting, it cannot be ousted by subsequent events.'") (quoting *Mullan v. Torrance*, 22 U.S. (9 Wheat.) 537, 539, 6 L.Ed. 154 (1824)).

[6]  Similarly, determination whether venue continues to be appropriate in this district if CMC, the only Colorado defendant, is dropped as a named party defendant, is not ripe for determination in the present posture of this case.

**THEREFORE IT IS ORDERED** as follows:

1. That **Landmark's Motion to Join Travelers' Motion To Re-Open Case** [#90], filed March 6, 2014, is **GRANTED**;

2. That **Plaintiffs** [*sic*] **Motion To Re-Open Case** [#78], filed January 31, 2014, is **GRANTED**; and

3. That under **D.C.COLO.LCivR 41.2**, the clerk is **DIRECTED** to reopen this civil action.

Dated May 19, 2014, at Denver, Colorado.

                                    **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge