**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-00507-REB-BNB

THE PHOENIX INSURANCE COMPANY,
THE TRAVELERS INDEMNITY COMPANY, and
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,

    Plaintiffs,

v.

CANTEX, INC.,
CONCRETE MANAGEMENT CORP.,
LANDMARK AMERICAN INSURANCE COMPANY,
OLD REPUBLIC INSURANCE COMPANY,
RBR CONSTRUCTION, INC.,
CONTINENTAL INSURANCE COMPANY, and
AMERISURE INSURANCE COMPANY,

    Defendants.

**ORDER OF DISMISSAL OF CROSSCLAIMS OF OLD REPUBLIC
INSURANCE COMPANY AGAINST DEFENDANTS CANTEX, INC. AND LANDMARK
AMERICAN INSURANCE COMPANY AND OF THIRD-PARTY CLAIMS
AGAINST DEFENDANT AMERISURE INSURANCE COMPANY, ONLY**

**Blackburn, J.**

    The matter is before the court on the **Stipulation of Dismissal of ORIC's Claims Against Cantex, Landmark and Amerisure Only** [#112][1] filed August 14, 2014. After reviewing the stipulation and the record, the court concludes that the stipulation should be approved and that the putative crossclaim of defendant, Old Republic Insurance Company ("ORIC"), against defendants, Cantex, Inc., and

---

[1] "[#112]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Landmark American Insurance Company, and the extant third-party claim of ORIC against defendant, Amerisure Insurance Company,[2] should be dismissed, with each affected party to pay its own attorney fees and costs.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Stipulation of Dismissal of ORIC's Claims Against Cantex, Landmark and Amerisure Only** [#112] filed August 14, 2014, is **APPROVED**; and

2. That the putative crossclaim of defendant, Old Republic Insurance Company, against defendants, Cantex, Inc., and Landmark American Insurance Company, and the extant third-party claim of defendant, Old Republic Insurance Company, against third-party, defendant, Amerisure Insurance Company, are **DISMISSED**, with each affected party to pay its own attorney fees and costs.

Dated August 14, 2014, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge

---

[2] At the time they initiated this lawsuit, plaintiffs did not assert any claims against Amerisure Insurance Company or Continental Insurance Company.  (**See Complaint** [#1], filed February 27, 2013.)  These parties were brought into the litigation by **ORIC's Third-Party Complaint** [#8], filed May 16, 2013.  However, after this case was re-opened, plaintiffs were granted leave to and filed their **First Amended Complaint for Declaratory and Other Relief** [#106], filed August 7, 2014, in which they asserted substantive claims against these Amerisure and Continental.  Thus, although ORIC's claim against its now co-defendant, Amerisure now is  properly designated as a crossclaim, the court will adhere to the parties continuing characterization of the claim as a third-party claim.