**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 2013-cv-00507-REB-NYW

THE PHOENIX INSURANCE COMPANY
THE TRAVELERS INDEMNITY COMPANY, and
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

    Plaintiffs.

v.

CANTEX, INC.,
CONCRETE MANAGEMENT CORP.,
LANDMARK AMERICAN INSURANCE COMPANY,
OLD REPUBLIC INSURANCE COMPANY,
RBR CONSTRUCTION, INC.,

    Defendants,

and

CANTEX, INC.

Third-Party Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY and CONTINENTAL CASUALTY COMPANY,

Third-Party Defendants.

**STIPULATED PROTECTIVE ORDER**

    Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly

1

annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1.  This Protective Order shall apply to the Settlement Agreement between Travelers Property Casualty Company of America, The Travelers Indemnity Company, and The Phoenix Insurance Company and Cantex, Inc., executed on or about July 31, 2014 ("Settlement Agreement"), which the disclosing parties have a good faith belief is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(a)(7).

2.  As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.  The Settlement Agreement shall not be disclosed or used for any purpose except the preparation and trial of this case.

4.  The Settlement Agreement shall not, without the consent of the parties producing it or further Order of the Court, be disclosed except that such information contained therein may be disclosed to:

    a.    attorneys actively working on this case;

    b.    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c.    the parties (and the designated representatives for the entity parties);

    d.    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial

                    or other proceedings in this case;

      e.      the Court and its employees ("Court Personnel");

      f.      stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

      g.      deponents, witnesses, or potential witnesses; and

      h.      other persons by written agreement of the parties.

      5.      Prior to disclosing the Settlement Agreement to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters or with respect to documents presented to deponents and/or witnesses for the first time at trial or other formal court proceedings or depositions) counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgement stating that he or she has read this Protective Order and agrees to be bound by its provisions (Exhibit A). All such acknowledgements shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

      6.      The Settlement Agreement shall be designated as CONFIDENTIAL by placing or affixing on it (in a manner that will not interfere with the legibility) the following or other appropriate notice: "CONFIDENTIAL"

      7.      Whenever a deposition involves the disclosure of the Settlement Agreement, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly

given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8.   A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9.   The parties do not intend to file a copy of the Settlement Agreement with the Court. Should any party determine it is necessary to do so, such party shall file the Settlement Agreement as a Level 1 Restricted document and contemporaneously file a Motion to Restrict pursuant to Fed. R. Civ. P. 26(a)(7) and D.C.COLO.LCivR 7.2.  <u>Notwithstanding the foregoing, nothing in this Protective Order should be construed as an affirmative ruling that any motion to restrict will be granted, even if the Parties so stipulate</u>.

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall bereturned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming destruction.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

| | |
|---|---|
| */s/ Melissa A. Wiese* | */s/ Gregory A. Davis* |
| Melissa A. Wiese, Esq.<br>Pearl Schneider LLC<br>999 Eighteenth Street, Suite 1850<br>Denver, CO  80202<br>Phone: (303) 515-6800<br>Fax:  (303) 515-6850<br>mwiese@pearlschneider.com<br>*Attorneys for Plaintiffs* | Gregory A. Davis, Esq.<br>Squire Patton Boggs (US) LLP<br>1 East Washington Street, Suite 2700<br>Phoenix, AZ  85004<br>Phone: (602) 528-4000<br>Fax: (602) 253-8129<br>Gregory.davis@squirepb.com<br>*Attorneys for Cantex, Inc.* |
| */s/ Jason M. Taylor* | */s/ Michael Anthony Parsons* |
| Michael S. Knippen, Esq.<br>Jason M. Taylor, Esq.<br>Traub Lieberman Straus & Shrewsberry, LLP<br>303 W. Madison St., Suite 1200<br>Chicago, IL  60603<br>Phone: (312) 332-3900<br>Fax: (312) 332-3908<br>mknippen@traubliebenman.com<br>*Attorneys for Landmark American Insurance Company* | Michael Anthony Parsons, II, Esq.<br>Colliau Carluccio Keener Morrow Peterson & Parsons-Dallas<br>700 North Pearl Street<br>Suite 450<br>Dallas, TX 75104<br>214-220-1308<br>214-220-5902 (fax)<br>tony.parsons@cna.com<br>*Attorneys for Continental Insurance Company and Continental Casualty Company* |

| | |
|---|---|
| */s/ Katherine K. Kust* | */s/ Francis Maurice Cavanaugh* |

Jon F. Sands, Esq.
Katherine K. Kust, Esq.
Sweetbaum Sands Anderson, P.C.
1125 Seventeenth Street
Suite 2100
Denver, CO 80202
303-296-3377
303-296-7343 (fax)
jsands@sweetbaumsands.com
*Attorneys for Amerisure Insurance Company*

Francis Maurice Cavanaugh, Esq.
Lee & Kinder, LLC
3801 East Florida Avenue
Suite 210
Denver, CO 80210
303-539-5421
303-539-5422 (fax)
fcavanaugh@leekinder.com
*Attorneys for Scottsdale Insurance Company*

IT IS SO ORDERED.

DATED:  April 9, 2015

                  s/ Nina Y. Wang
                 United States ~~District Court~~ Magistrate Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Colorado in the case no. 2013-cv-00507-REB-NYW. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

Signature: _____