# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00507-REB-NYW

THE PHOENIX INSURANCE COMPANY,
THE TRAVELERS INDEMNITY COMPANY, and
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,

    Plaintiffs,

v.

**CANTEX, INC.**,
LANDMARK AMERICAN INSURANCE COMPANY,
OLD REPUBLIC INSURANCE COMPANY,
CONTINENTAL INSURANCE COMPANY, and
**AMERISURE INSURANCE COMPANY**,

    Defendants,

and

**CANTEX, INC.**,

    Third Party Plaintiff,

v.

**SCOTTSDALE INSURANCE COMPANY**, and
CONTINENTAL CASUALTY COMPANY,

    Third Party Defendants.[1]

_____

## ORDER ON CANTEX, INC.'S MOTION TO STRIKE
_____

Magistrate Judge Nina Y. Wang

---

[1] The court has highlighted in the caption those parties who still have claims remaining in this lawsuit as noted by the Joint Status Report Identifying Remaining Parties and Claims filed on July 28, 2015. [#262].

This civil action comes before the court on Defendant and Third-Party Plaintiff Cantex, Inc.'s ("Cantex") Motion to Strike Scottsdale Insurance Company's Expert Witness Disclosures Pursuant to Fed. R. Civ. P. 26(a)(2)(B) & 37(c), filed on August 19, 2015 [#267] (the "Motion to Strike"). [2] The Motion to Strike was referred to this Magistrate Judge pursuant to the Order Referring Case dated February 27, 2013 [#3], the Reassignment dated February 9, 2015 [#218], and the Memorandum dated August 20, 2015 [#268]. Having considered the briefs of the Parties, relevant portions of the case file in the instant action, the applicable case law, and finding that oral argument would not materially assist in the disposition of the Motion to Strike, IT IS ORDERED that the Motion to Strike is GRANTED.

**BACKGROUND AND PROCEDURAL HISTORY**

This case arises from disputes between insurers over coverage related to a construction defect case tried in Mohave County, Arizona state court. As pled in Cantex's third-party Complaint, Cantex sued and obtained judgment against RBR Construction, Inc. ("RBR") and Concrete Management Corporation ("CMC") for provision of defective concrete in a construction project ("Underlying Litigation"). [#174 at ¶ 5]. After the judgment, RBR, CMC, and Cantex reached an agreement whereby RBR and CMC assigned their rights under their respective insurance policies at issue in this litigation to Cantex. [*Id.* at ¶ 6].

On October 21, 2014, Cantex filed its third-party Complaint against Scottsdale Insurance Company ("Scottsdale"), alleging that Scottsdale failed to provide indemnification due on excess insurance policies issued to RBR. [#174]. On November 21, 2014, Scottsdale Insurance Company ("Scottsdale") filed a motion to dismiss the third-party breach of contract and bad faith

---

[2] This Order refers to the ECF docket number for documents, and the page number as assigned by the court's ECF system for consistency and ease of reference.

claims asserted by Cantex against Scottsdale. [#194] (the "Motion to Dismiss"). After full briefing, the undersigned magistrate judge issued a Recommendation on July 13, 2015, recommending that Scottsdale's Motion to Dismiss be denied in part, including with respect to Cantex's claim for breach of a Scottsdale insurance policy in effect between November 1, 2007 to November 1, 2008 ("November 2007 Scottsdale Policy"). [#255]. On September 2, 2015, the Honorable Robert E. Blackburn adopted the portion of the Recommendation [#255] that Scottsdale's Motion to Dismiss be denied with respect to Cantex's claim for breach of the November 2007 Scottsdale Policy, and found that the portion of the Recommendation addressing Cantex's bad faith claim against Scottsdale was moot. [#269].

## I.     Relevant Prior Court Orders

On January 13, 2015, after the case was re-opened [#91] subsequent to an administrative closure of the case [#77], the court held a Scheduling Conference and entered a Scheduling Order setting deadlines for the completion of discovery in this case. [#209]. Counsel for Scottsdale appeared in person at the Scheduling Conference. [*Id.* at 2]. Pursuant to the Scheduling Order, the Parties were required to designate all affirmative experts on, and make adequate disclosures pursuant to Fed. R. Civ. P. 26(a)(2), on or before May 16, 2015. [*Id.* at 22]. The Parties were further required to make any rebuttal designation and disclosures pursuant to Fed. R. Civ. P. 26(a)(2) no later than June 16, 2015. [*Id.*]. The discovery cut-off was set for August 17, 2015. [*Id.*]. The deadline for the filing of any additional dispositive motions was set for September 17, 2015. [*Id.*].

That same day, Judge Blackburn also entered a Trial Preparation Conference Order. [#211]. Pursuant to the Order, the Parties were required to bring any motions challenging expert

3

testimony pursuant to Fed. R. Evid. 702, 703, or 704 no later than July 16, 2015. [*Id.* at 2]. The court set a Final Pretrial and Trial Preparation Conference on November 12, 2015. [*Id.* at 4]. The court also set an eight day jury trial to commence on November 30, 2015. [*Id.*].

On April 27, 2015, Cantex represented to the court in an unopposed motion that one of Cantex's "testifying experts has developed a serious medical condition" preventing timely completion of an expert report pursuant to Fed. R. Civ. P. 26(a)(2) and this Court's Scheduling Order. [#234 at 2]. The court entered orders setting deadlines for: (1) affirmative expert disclosures no later than June 16, 2015; rebuttal expert disclosures no later than July 16, 2015; and (2) the filing of any motions under Fed. R. Evid. 702, 703, and 704 no later than August 17, 2015. [#236, #237]. On August 13, 2015, the court entered a Minute Order extending the discovery cut-off to August 28, 2015, and extending the deadline to file motions challenging expert testimony pursuant to Fed. R. Evid. 702. 703, and 704 to September 11, 2015. [#266]. These remain the operative deadlines for disclosure and expert motions.

## II.     Relevant Expert Disclosures and Cantex's Motion to Strike

On June 16, 2015, Cantex disclosed Charles Miller ("Mr. Miller") as an expert witness. [#267-1]. Mr. Miller's expert report focused on whether insurers Continental Insurance Company and Continental Casualty Company (collectively, "CNA") and Amerisure Insurance Company ("Amerisure") complied with applicable insurance industry standards in handling claims for insurance coverage by RBR. [*Id.*].

On July 16, 2015, a month after the court extended deadline for service of affirmative expert disclosures, Scottsdale served an "Expert Disclosure" designating Allan Windt ("Mr. Windt") as someone "who may present expert testimony at trial, either in rebuttal or direct

4

testimony, under Federal Rule of Evidence 702, 703 and 705." [#267-3 at 2-3]. The disclosure stated that Mr. Windt is an expert in "excess insurance," and would be expected to testify "regarding triggering events and exhaustion of coverage triggering excess coverage." [*Id.* at 3]. The disclosure further stated that "Mr. Windt's written report will be forthcoming when it is received." [*Id.*].

On August 17, 2015, Scottsdale served its "Supplemental Expert Disclosure," attaching Mr. Windt's expert report. [#267-4]. Mr. Windt's expert report opines that the Scottsdale policy at issue is excess coverage, that excess insurance coverage is not triggered until primary coverage is exhausted, and that RBR's primary insurance coverage was sufficient to satisfy the judgment entered against RBR in the underlying litigation. [*Id.*].

On August 19, 2015, Cantex filed the instant Motion to Strike. [#267]. Cantex first argues that Mr. Windt's August 17, 2015 expert report fails to adequately disclose the "facts and data" Mr. Windt relied on in formulating his opinions, as required by Fed. R. Civ. P. 26(a)(2)(B)(ii). [*Id.* at 4]. Cantex also argues that Mr. Windt's disclosures were untimely, and that Scottsdale's failure to make timely disclosure was neither harmless nor justified. [*Id.* at 7-9].

In Response, Scottsdale acknowledges that Cantex's expert Mr. Miller has not yet offered any opinion "regarding the breach of contract claim asserted against Scottsdale that remains the only viable claim left against Scottsdale." [#270 at 2]. Scottsdale argues that the "facts and data" relied upon by Mr. Windt—chiefly the insurance policies at issue in this litigation—are already known to Cantex. [*Id.* at 5]. Scottsdale contends that, whether offered as a "rebuttal" witness or "otherwise," Scottsdale should be permitted to call Mr. Windt to testify to help

5

"explain to a jury the nature of an excess carrier's obligations given the underlying coverage" involved in this litigation. [*Id.* at 6]. Finally, in explaining Scottsdale's belated designation of Mr. Windt and subsequent tardy disclosure of Mr. Windt's expert report, Scottsdale points to the fact that Scottsdale only recently became obliged to answer Cantex's third-party Complaint (given the court's disposition of Scottsdale's Motion to Dismiss), and suggests that the issue of "whether Scottsdale's policy is triggered remains an ever-shifting question." [*Id.* at 7].

## ANALYSIS

I.   **Standard of Review**

   A.   **Expert Disclosures**

Rule 26(a)(2) of the Federal Rules of Civil Procedure provides that a party must disclose to all other parties the identity of any person who may be used at trial to present evidence under Rule 702, 703, or 705 of the Federal Rules of Evidence. Fed. R. Civ. P. 26(a)(2)(A). A retained expert must provide a report that contains "(1) a complete statement of all opinions the witness will express and the basis and reasons for them; (2) the facts or data considered by the witness in forming them (3) any exhibits that will be used to summarize or support them; (4) the witness's qualifications, including a list of all publications authored in the previous 10 years; and (5) a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). The sequence of disclosures is also dictated by the Rule, with affirmative experts disclosed first, and rebuttal witnesses disclosed within 30 days after the other party's disclosure (unless otherwise set by the court). Fed. R. Civ. P. 26(a)(2)(D).

A violation of Rule 26(a)(2) is addressed by the court pursuant to Rule 37(c) of the Federal Rules of Procedure. Rule 37(c)(1) of the Federal Rules of Civil Procedure provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (3), the party is not allowed to use that information or witness to supply evidence on a motion, at hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(iv).

Fed. R. Civ. P. 37(c)(1). The determination as to whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the court. *Woodworker's Supply, Inc. v. Principal Mt. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). In exercising this discretion, the court's consideration is guided by the following four factors: (1) the prejudice or surprise to the impacted party; (2) the ability to cure the prejudice; (3) the potential for trial disruption; and (4) the erring party's bad faith or willfulness. *Id.*

In seeking to avoid a preclusion sanction, the party responsible for a Rule 26(a) violation bears the burden of showing the failure was substantially justified or harmless. *Sender v. Mann*, 225 F.R.D. 645, 655 (D. Colo. 2004) (citation omitted); *see also Contour PAK, Inc. v. Expedice, Inc.*, No. 08–cv–01091–PAB–KMT, 2009 WL 2490138, at *1 (D. Colo. Aug.14, 2009) ("The burden of establishing substantial justification and harmlessness is upon the party who is claimed to have failed to make the required disclosures.") (citation omitted).

### B. Effect of Motion to Dismiss

Under Rule 12(b) of the Federal Rules of Civil Procedure, a party may seek to dismiss claims for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Unless a court sets a different time, serving a motion to dismiss alters the timing of filing of the responsive pleading until 14 days after the court's action on the motion to dismiss. Fed. R. Civ. P. 12(b)(4)(A). The Rule, however, does not alter, or even address, any expert deadlines that may be set by the court.

## II. Application to Motion to Strike

### A. Timing

For the purposes of this Motion, the court will assume, without deciding, that Mr. Windt is appropriately designated as a rebuttal, rather than an affirmative, expert.[3] Even as a rebuttal expert, Scottsdale does not and cannot dispute that Mr. Windt's expert report was not served until August 17, 2015 – more than a month after the court-ordered July 16, 2015 deadline for such disclosures, and just days before the August 28, 2015 cut-off for all discovery in this action. [#237]. In responding to Cantex's Motion to Strike, Scottsdale has not made any effort to explain this course of conduct. [#270].

This court has an independent responsibility for case management, *Anderson*, 2013 WL 3771300 at *7, and as Cantex notes, the scheduling orders cannot simply be cavalierly

---

[3] Cantex asserts that because Mr. Windt did not respond to any expert opinions offered by its expert, Mr. Windt is not properly considered a rebuttal expert. [#267 at 6]. Because the classification of Mr. Windt as an "affirmative" or "rebuttal" expert does not weigh into the resolution of the instant motion, the court does not address it in detail. The court notes that affirmative experts as contemplated by the District of Colorado's form Scheduling Order are typically experts designated by a party who bears the burden of proof on an issue. *See Anderson v. Seven Falls Co.*, Civil Action No. 12-cv-01490-RM-CBS, 2013 WSL 3771300, *6 (July 18, 2013) (citing ADVISORY COMM. NOTES TO 1993 AMENDMENTS to Fed. R. Civ. P. 26).

disregarded by counsel without peril. [#267 at 5, *citing Carroll v. Allstate Fire & Cas. Ins. Co.*, Civil Action No. 12-cv-0007-WJM-KLM, 2013 WL 3810864 (D. Colo. July 22, 2013)]. The record before the court indicates that Scottsdale was fully aware of the applicable deadlines set by the Scheduling Order as amended in this action. Counsel for Scottsdale appeared at the Rule 16 conference, and participated in the filing of the proposed Scheduling Order. [#203, #209 at 2]. Counsel for Scottsdale was served with a copy of the court's order extending the expert deadlines [#237]. Importantly, before the expiration of the deadline for designating rebuttal experts, this court had issued its Recommendation that Scottsdale's Motion to Dismiss be denied as to the claims not involving policy number XLS0040128. [#255]. At that point, Scottsdale was on notice that there was at least a likelihood that it would remain in the case, and continue to be bound by the court's scheduling order.

Instead of seeking any type of relief from the court, Scottsdale simply identified Mr. Windt as an expert, with no report. Then, again without seeking any permission from the court to modify the date for rebuttal expert disclosures pursuant to Rule 16(b), Scottsdale chose simply to provide belated disclosures characterized as a "Supplemental Disclosure." Rule 26(a)(2)(B) clearly provides that the disclosure of a retained or specially employed expert must be accompanied by a report that sets forth the following:

(1)     a complete statement of all opinions the witness will express and the basis and reasons for them;

(2)     the facts or data considered by the witness in forming them;

(3)     any exhibits that will be used to summarize or support them;

(4) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(5) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(6) a statement of the compensation to be paid for the study and testimony in the case. Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi). In addition, the form Scheduling Order for the District of Colorado further provides that "[i]n addition to the requirements set forth in Rule 26(a)(2)(B)(I)-(vi), the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report." D.C.COLO.LCivR 16.2. There is, and can be, no real dispute that the disclosure made by Scottsdale on July 16, 2015 failed to even attempt to comply with the requirements for expert reports. [#267-3].

Even when Mr. Windt was identified on August 17, 2015, his disclosure still failed to comply with Rule 26(a)(2)(B). In his belatedly served expert report, Mr. Windt states that he "reviewed the documents" on a purportedly "enclosed list." [#270-2 at 12]. Scottsdale does not dispute that the list was, in fact, not enclosed or subsequently provided to Cantex. [#270]. Therefore, the report as propounded is incomplete to the extent Mr. Windt "read, thought about, or relied upon" undisclosed materials in reaching the "conclusions and opinions [] expressed" in his report. *Fiber Optic Designs, Inc. v. New England Pottery, LLC*, 262 F.R.D. 586, 595 (D. Colo. 2009) (quotation and citation omitted).

B.     **Diligence**

Scottsdale attempts to shift responsibility for its failure for timely disclosure on two grounds: (1) the opinions of Cantex's expert, Mr. Miller, are unclear [#270 at 5]; and (2) the court had not decided its Motion to Dismiss, so it was not yet required to file a responsive pleading at the time of the rebuttal expert deadline [*id.* at 7]. Neither point is well-taken. Scottsdale concedes that Mr. Windt has issued a report that is independent from what Mr. Miller opined. [#270 at 5]. To the extent that Scottsdale had those opinions to offer, it is unclear how waiting to seek leave from the court to do so, or failing to seek any guidance from the court regarding that disclosure, was appropriate. In addition, the record demonstrates that before the deadline for rebuttal expert disclosures, it was clear that there was at least the possibility that the claims against Scottsdale would stay in the case. Indeed, Scottsdale identified Mr. Windt on July 16, 2015. Nothing in Scottsdale's Response explains how Scottsdale's lack of answering affected its ability to properly designate Mr. Windt by July 16.

C.     **Sanctions**

In determining the proper sanction for Scottsdale's untimely and deficient disclosure, the court must consider (1) the prejudice or surprise to the impacted party; (2) the ability to cure the prejudice; (3) the potential for trial disruption; and (4) the erring party's bad faith or willfulness. *Woodworker's Supply, Inc. v. Principal Mt. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). Because Scottsdale served Mr. Windt's expert report just days prior to the already extended discovery cut-off in this action, and because there is no indication in the record that Scottsdale sought to make Mr. Windt readily available for deposition prior to the expiration of the discovery cut-off, the court finds that Cantex has suffered prejudice arising from Scottsdale's tardy

disclosure. The court notes that trial is set to commence in this case on November 30, 2015, and that the deadline for the Parties to file motions challenging expert testimony pursuant to Fed. R. Evid. 702, 703, and 704 has already passed. [#211]. Accordingly, absent a preclusion sanction, the court is not in a position to remedy any prejudice to Cantex without likely causing disruption to the orderly trial of this case.[4]

More generally, Scottsdale has not sought to explain how its belated disclosures were harmless and substantially justified, instead focusing on the alleged prejudice to Scottsdale if these untimely disclosures were to lead to Mr. Windt's preclusion. [#270 at 5-7]. The court is not persuaded. *Smith v. Miller*, No. 11–cv–00613–REB–KLM, 2011 WL 6020578 at *4 (D. Colo. Dec. 5, 2011) (finding bad faith in case where belated disclosure "indicate[d] to the Court that Plaintiff simply was not diligent in attempting to meet the Scheduling Order's deadlines" without adequate excuse, and striking expert designation and disclosure based on untimely service of expert report).

Based on the foregoing, the court finds that Mr. Windt's designation and disclosure should be stricken.

## CONCLUSION

For the reasons set forth herein, IT IS ORDERED that:

(1) Cantex's Motion to Strike [#267] is GRANTED;

(2) Mr. Windt's original and supplemental expert designation and expert report are

---

[4] Scottsdale argues that it will be prejudiced if it is not permitted to offer an expert in this case. [#270 a 4-6]. Respectfully, that is not the appropriate inquiry at this time. Had Scottsdale wanted to raise that as an issue to justify a request for extension of time to propound a report for Mr. Windt, it should have done so in July, prior to the expiration of the deadline to disclose rebuttal experts.

STRICKEN pursuant to Fed. R. Civ. P. 37(c)(1).

DATED: October 8, 2015

BY THE COURT:

s/ Nina Y. Wang
United States Magistrate Judge